FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 11 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ˢᵐʸ         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE SUE INGELS, | Case No. SACV 12-515 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant.[1] | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising four disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends that this case should be remanded for consideration of a subsequent, fully favorable disability determination issued by the State Agency. (JS 3-4.) Plaintiff relies primarily on *Luna v. Astrue*, 623 F.3d 1032 (9th Cir. 2010). In *Luna*, the

---

[1] The Acting Commissioner is substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

claimant's application for disability benefits was denied after a hearing before an Administrative Law Judge ("ALJ"). While the claimant's application was pending on appeal, the claimant filed a second application for benefits. On this second application, the Commissioner found the claimant disabled and entitled to benefits. The Commissioner fixed the disability onset date just one day after the date the ALJ denied the claimant's first application for benefits. *Id.* at 1034. In reviewing the denial of the first application for benefits, the Ninth Circuit held that remand for further proceedings was appropriate. *Id.* at 1034-35. It explained that there was a "'reasonable possibility' that the subsequent grant of benefits was based on new evidence not considered by the ALJ as part of the first application," and it was unclear from the record whether the two disability determinations were reconcilable, especially since there was only one day between the denial of the first application and the disability onset date on the second application. *Id.* at 1035.

      Here, as in *Luna*, the period from the denial of the first application to the onset date of disability on the second application was only one day. (AR 18-24; JS, Exh. 1.) The ALJ determined Plaintiff was not disabled in a decision dated September 3, 2010. (AR 18-24.) While appeal of that decision was pending, the State Agency awarded Plaintiff disability benefits on a second application for disability benefits. (JS, Exh. 1.) The State Agency found that Plaintiff was disabled and eligible to receive disability payments as of September 4, 2010. (JS, Exh. 1.) The record does not contain the evidence that was before the State Agency in making the subsequent disability determination. Therefore, it is unclear whether the ALJ's decision denying benefits and the subsequent State Agency decision awarding benefits are reconcilable or inconsistent. *Luna*, 623 F.3d at 1035; *cf. Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001) (explaining that initial denial and subsequent award were easily reconcilable where the record showed that the second application involved different medical evidence, a different time period, and a different age classification). In particular, it is uncertain whether Plaintiff presented new medical evidence to support the award of benefits on her

second application, or whether there was some other basis justifying the change in her disability status. Accordingly, remand for further factfinding and development of the record is appropriate. *See Luna*, 623 F.3d at 1035; *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

As this case is being remanded for further fact finding and consideration of any new evidence submitted during the second proceeding, resolution of the remaining issues raised by Plaintiff is unnecessary and premature. *See, e.g., Luna*, 623 F.3d at 1035; *Harman*, 211 F.3d at 1175-78.

## ORDER

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanding the case for further proceedings.

DATED: April 11, 2013

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE